UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID TIMM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| SANGAMON COUNTY, ILLINOIS, | ) |
| THE SANGAMON COUNTY SHERIFF'S | ) |
| DEPARTMENT and JACK CAMPBELL, | ) |
| in his capacity as the Sheriff of Sangamon | ) |
| County, Illinois, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, David Timm ["Timm"], and for his causes of action against the Defendants, Sangamon County, Illinois ["County"], the Sangamon County Sheriff's Department ["Department"], and Jack Campbell, in his capacity as the Sheriff of Sangamon County, Illinois ["Sheriff"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1337 and Title 42, United States Code Sections 2000e-5 and 12117 (a). This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against both discriminatory treatment in employment because of disability and retaliation for either opposing such discriminatory treatment or exercising the protections of that Act.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b), since the Defendants engage in their governmental activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

### PARTIES

1. That Timm is an adult resident of Sangamon County, Illinois. At times relevant to this case he was employed by the Defendants as a Sangamon County Deputy Sheriff. He has been employed continuously in that capacity since September 1, 1999.

2. That the County is a unit of local government providing a variety of governmental services to individuals residing within its corporate boundaries.

3. That the Sheriff is currently an elected official of Sangamon County, Illinois. He: a) holds an office created by Article VII, Section 4 of the *Illinois Constitution of 1970*; and b) serves as the chief law enforcement officer of the County.

4. That the Department is headed by the Sheriff and provides various law enforcement, public safety and correctional services within the boundaries of the County.

5. That at all times pertinent to this proceeding the Defendants, in connection with their governmental enterprises, employed individuals. As such, each was an employer as that term is defined at 42 U.S.C. Section 12111(5).

### STATEMENT OF CLAIM

6. That at all times pertinent to this proceeding the Defendants did, in connection with their governmental enterprises, engage in commerce and in an enterprise effecting commerce.

7. That within the time prescribed by law Timm did file with the Equal Employment Opportunity Commission ["EEOC"], through the Illinois Department of Human Rights, two charges of civil rights violation against the Defendants. This proceeding is being filed within ninety days of his receipt of Notices of a Right to Sue issued by the EEOC.

8. That as a result of repetitive traumas Timm, at all times relevant to this case, suffered from a condition involving the progressive deterioration of his left hip.

9. That because of the medical condition referred to above Timm: 1) was, with the exception of two days, medically unable to work as a deputy sheriff in the Department from July 18, 2016 through July 3, 2017; 2) required to undergo three surgeries; 3) was a candidate for and eventually received a hip replacement; 4) experienced pain which became increasingly more severe with the passage of time; and 5) walked with a limp.

10. That Timm, at all times relevant to this proceeding, suffered from a disability as that term is defined under 42 U.S.C. Section 12102 because of either: a) the nature of his medical condition as it existed at the time of the incidents giving rise to the above proceeding; b) his history of suffering from that medical condition; or c) the actions of the Defendants in regarding him to suffer from a disability.

11. That at all times pertinent to this case Timm adequately performed his employment duties in a manner which should have satisfied all reasonable expectations imposed upon him by it in connection with his employment as a deputy sheriff.

12. That upon his return to employment on July 3, 2017 Timm, notwithstanding the fact that he suffered from the medical condition described above, could perform the essential

functions of his employment with the Defendants and, accordingly, he was a qualified individual with a disability as that term is defined in 42 U.S.C. Section 12111(8).

13. That the medical condition described above caused Timm to experience pain particularly when he entered into and exited from the motor vehicle assigned to him to perform his job duties. In performing his position he was required to get into and out of his motor vehicle frequently during each work shift.

14. That in August of 2017 Timm requested the following accommodations for his disability:

a) that he be permitted to wear Under Armour boots which had soft soles; and

b) that he be assigned the use of a Ford Explorer SUV which had a lower platform than the vehicle assigned to him.

15. That the requested accommodations described in the preceding paragraph would reduce the pain experienced by Timm in performing his duties for the Defendants particularly in entering into and exiting from his motor vehicle.

16. That the Defendants had at least one and perhaps more Ford Explorer SUVs that could have been provided to Timm.

17. That the Defendants had in the past deviated from its uniform policy pertaining to footwear.

18. That the accommodations request made by Timm as described in paragraph 14 above were reasonable and would not impose unreasonable burdens on the Defendants.

## COUNT I

For his first cause of action against the Defendants, Timm states as follows:

1-18.  For paragraphs 1 through 18 of Count I, Timm incorporates paragraphs 1 through 18 from above.

19.  That the Defendants refused to provide Timm with either of the accommodations requested as more fully described in paragraph 14 above.

20.  That by virtue of the conduct described above the Defendants have discriminated against Timm by refusing him a reasonable accommodation to his disability in violation of 42 U.S.C. § 12112 (5).

21.  That as a direct and proximate result of the conduct described above Timm has sustained physical pain, emotional upset, mental distress, the loss of enjoyment of life and has been required to undergo extensive medical treatment.

## COUNT II

For his second cause of action against the Defendants, Timm states as follows:

1-18.  For paragraphs 1 through 18 of Count II, Timm incorporates paragraphs 1 through 18 from above.

19.  That following the request he made for the accommodation of his disability as described in paragraph 14 above Timm's chain of command in the Defendants acted out against him through a variety of actions and in so doing treated him differently and less favorably than they treated other deputy sheriffs in the Department.  In this respect through their conduct the Defendants:

a) subjected Timm to more extensive retraining upon his return to active employment than what it required of others;

b) threatened him with discipline for wearing soft soled boots when others had worn similar boots for a number of years without being disciplined or threatened with discipline;

c) refused him permission to exchange vehicles with another deputy sheriff which would satisfy part of his accommodation request and reduce trauma to his hip when similar exchanges had been allowed in the past;

d) assigned him an unsafe vehicle having mechanical problems when other vehicles were available;

e) refused to assign him a vehicle that would satisfy his accommodation request and reduce trauma to his hip, but assigned it instead to a less senior deputy sheriff that did not have need for a replacement vehicle; and

f) refused his request to be appointed a field training officer.

20. That because of the nature and frequency of the conduct described above Timm viewed his working conditions as a deputy sheriff to be hostile.

21. That a reasonable person standing in Timm's shoes would have believed, from an objective point of view, that the conditions under which he worked constituted a hostile work environment.

22. That by virtue of the conduct described in paragraph 18 above the Defendants have interfered with, coerced and intimidated Timm's exercise of rights guaranteed by the foregoing Act in violation of 42 U.S.C. § 12203.

23. That as a direct and proximate result of the Defendants' conduct as described above Timm has sustained physical pain, emotional distress, mental anguish, the loss of enjoyment of life and has been required to undergo extensive medical treatment.

WHEREFORE, David Timm respectfully requests that this Court enter judgment in his favor and against the Defendants and provide the following relief:

A.  Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. Sections 12203 and 12112 and issue a mandatory injunction against the Defendants to take affirmative steps to ensure that it and all individuals working for it refrain from engaging in any further actions against Timm which violate the foregoing laws;

B.  Direct that the Defendants provide Timm with the accommodations he has requested;

C.  Award Timm damages sufficient to compensate him for economic losses suffered as a result of the actions complained of above as well as compensatory damages for any personal injuries or emotional distress sustained because of the conduct of the Defendants to the extent such is compensable under the law;

D.  Assess against the Defendants the costs and expenses incurred by Timm in maintaining the above captioned proceeding together with the reasonable attorneys' fees incurred by him in prosecuting the above case; and

E.  Provide for such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, DAVID TIMM, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THE ABOVE PROCEEDING BE TRIED BY JURY.

        David Timm, Plaintiff

By:   s/ James P. Baker
      James P. Baker
      Bar Number: 0097802
      Baker, Baker & Krajewski, LLC
      415 South Seventh Street
      Springfield, Illinois  62701
      Telephone: (217) 522-3445
      Facsimile: (217) 522-8234
      E-mail: jpb@bbklegal.com
      (Complaints/timmdavid central district 06042020)