UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID TIMM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANGAMON COUNTY, ILLINOIS, )<br>THE SANGAMON COUNTY SHERIFF'S )<br>DEPARTMENT and JACK CAMPBELL, )<br>in his capacity as the Sheriff of Sangamon )<br>County, Illinois, )<br>)<br>Defendants. ) | Case No.  20-3139 |

**MEMORANDUM OF DAVID TIMM IN
SUPPORT OF HIS MOTION IN LIMINE**

**I.  INTRODUCTION**

In the above case David Timm ["Timm"] claims that his employer, the Sangamon County Sheriff's Department ["County"], violated his rights under the "Americans With Disabilities Act" ["ADA"].  Presently, he has two claims which are before the Court.  In his first claim he alleges that the County did not reasonably accommodate his disability in violation of the ADA [42 U.S.C. § 12112].  In his second claim he asserts that the County retaliated against him because he exercised rights available to him under the ADA [42 U.S.C. §12203].

Relevant evidence is generally admissible at trial.  Evidence is relevant if:  1) it makes a fact more or less probable than it would be without such evidence; and 2) the fact is of consequence in determining the outcome of the case [Rule 401 and 402 of the "Federal Rules of Evidence"].  Relevant evidence may be excluded if its probative value is substantially

outweighed by its risk of unfair prejudice, confusion of the issues or misleading the jury [Rule 403 of the "Federal Rules of Evidence"].

The events giving rise to this case occurred in 2017 and 2018. Well prior to the events at issue in this case, Timm was the subject of disciplinary action by the County. Specifically, he was terminated by the County in 2008 and returned to employment with the County as the result of an arbitration in December of 2009. The issues in this case do not involve Timm's disciplinary record while employed by the County.

Given the issues in dispute in this case, Timm's disciplinary history has no probative value. Even if it had some marginal probative value, admission of such evidence would at the very least lead to jury confusion and could unfairly prejudice Timm.

David Timm

By: /s/ James P. Baker
James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois  62701
Telephone:  (217) 522-3445
Facsimile:  (217) 522-8234
E-mail:  jpb@bbklegal.com
(Pretrial/ timm david limine memo in support 051123)

## CERTIFICATE OF SERVICE

      I hereby certify that on May 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Russell L. Reed
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, Illinois 62701
Email: rreed@hinshawlaw.com

                                    By: /s/ James P. Baker
                                        Baker, Baker & Krajewski, LLC