Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself.   Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

You must accept those facts as proved.

During the trial, certain testimony was presented to you by the reading or playing of depositions. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Any notes you have taken during this trial are only aids to your memory.   The notes are not evidence.   If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.   Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.   Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, ADA.  Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, Plaintiff makes two separate claims that Defendant discriminated against him because of his disability.

For his first claim the Plaintiff claims he was disabled and a qualified individual and the Defendant in one or more of the following respects failed to provide him with a reasonable accommodation to that disability:

a) it refused to allow him while on duty to wear Under Armour boots which had soft soles; and

b) it refused to assign him a Ford Explorer SUV which had a lower platform than the vehicles assigned to him.

The Plaintiff further claims that he sustained damage because of the Defendant's conduct.

The Defendant denies that the Plaintiff was disabled and a qualified individual with a disability. It further denies that it failed to reasonably accommodate the Plaintiff. Finally, it denies that the Plaintiff was damaged because of its conduct.

For his second claim the Plaintiff claims that after he requested a reasonable accommodation the Defendant retaliated against him in one or more of the following respects:

a) it subjected him to more extensive retraining upon his return to active employment than what it required of others;

b) it threatened him with discipline for wearing soft soled boots when others had worn similar boots for a

number of years without being disciplined or threatened
with discipline;

 c) it refused him permission to exchange vehicles with
another deputy sheriff when similar exchanges had been
allowed in the past;

 d) it assigned him an unsafe vehicle having
mechanical problems when other vehicles were available;
and

 e) it refused his request to be appointed a field training
officer.

 The Plaintiff claims that the Defendant's conduct
caused him to sustain damage.

 The Defendant admits that the Plaintiff made requests
for accommodation. It denies that it retaliated against him
because of his request. It further denies that its conduct
caused him damage.

The Defendant is a public body and can act only through its officers and employees.   Any act or omission of an officer or employee within the scope of his or her office or employment is the action or omission of the Defendant public body.

The Plaintiff in this case makes two separate claims against the Defendant.   You are to consider each claim of the Plaintiff separately from the other claim.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:   When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, Plaintiff claims that Defendant unlawfully refused to give him a "reasonable accommodation." To succeed, Plaintiff must prove five things by a preponderance of the evidence:

1.     Plaintiff had a disability.   I will define "disability" and several other important terms for you in a few minutes;

2.     Plaintiff was qualified to perform his job as a deputy sheriff;

3.     Plaintiff requested an accommodation;

4.     Defendant was aware of Plaintiff's disability at the time of Plaintiff's request; and

5.     Defendant failed to provide Plaintiff with a reasonable accommodation.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages.   If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendant.

With respect to his second claim, Plaintiff claims that Defendant retaliated against him in one or more of the ways claimed in these instructions because he requested a reasonable accommodation.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that one or more of the Defendant's actions as stated in these instructions occurred because of his request for an accommodation.

To determine whether the Defendant's conduct toward the Plaintiff was because of his request for an accommodation, you must decide whether the Defendant would have acted in the same way toward the Plaintiff if he had not requested an accommodation but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Under the ADA, the term "disability" includes a physical impairment that "substantially limits" a "major life activity."   Major life activities are activities that are of central importance to everyday life.   They are activities that an average person can do without much difficulty. Examples include:   caring for yourself, doing manual tasks, bathing, brushing teeth, walking, talking, seeing, hearing, breathing, learning, and working.

Under the ADA, an impairment "substantially limits" a person's ability to walk if it prevents or severely restricts him from walking, compared to the average person in the general population.

To decide if Plaintiff's impairment substantially limits Plaintiff's ability to walk, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities.   Even so, some disabilities are permanent, but only appear from time to time.   For example, if a person has a mental or physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, reassignment or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions either with or without the requested accommodation. You should only consider Plaintiff's abilities at the time he requested the accommodation.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendant has to do that kind of work, the degree of specialization the job requires and Defendant's judgment about what is required.

In determining whether the Defendant reasonably accommodated Plaintiff's disability you may also consider the following:

a)   Plaintiff may not insist on a particular accommodation if another reasonable accommodation was offered.

b)   Defendant's duty to provide a reasonable accommodation is a continuing one.   You must evaluate the reasonableness of an accommodation as of the time it was requested as well as the time the need became apparent to Defendant.

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit him to perform his job.   Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether Plaintiff was provided a reasonable accommodation.

If you decide for the Defendant on the question of liability, then you should not consider the question of damages.

You may award compensatory damages only for injuries that the Plaintiff has proved by a preponderance of the evidence were caused by Defendant's alleged unlawful refusal to give him a reasonable accommodation.   The Court will determine what damages, if any, were proved by a preponderance of the evidence to have been caused by Defendant's alleged retaliation against the Plaintiff for making a request for a reasonable accommodation.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The physical and/or mental/emotional pain and suffering and disability/loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical and/or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. If you find for the Plaintiff with respect to his first claim (refusal to provide accommodation), use Verdict Form A. If you find for the Defendant with respect to Plaintiff's first claim, use Verdict Form B. If you find for the Plaintiff with respect to his second claim (unlawful retaliation), use Verdict Form C. If you find for the Defendant with respect to Plaintiff's second claim, use Verdict Form D.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## VERDICT FORM A

With respect to the Plaintiff's first claim, We the Jury, find for the Plaintiff, David Timm, and against the Defendant, Sangamon County, Illinois.

We, the Jury, award to the Plaintiff, David Timm, and against the Defendant damages in the sum amount of $_____.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

## VERDICT FORM B

With respect to the Plaintiff's first claim, We, the Jury, find for the Defendant, Sangamon County, Illinois, and against the Plaintiff, David Timm.

_____

FOREPERSON

_____

_____

_____

_____

_____

_____

VERDICT FORM C


With respect the Plaintiff's second claim, We, the Jury, find for the Plaintiff, David Timm, and against the Defendant, Sangamon County, Illinois.


                                          _____

                                                        FOREPERSON

_____

_____

_____

_____

_____

_____

_____

# VERDICT FORM D

With respect to the Plaintiff's second claim, We, the Jury, find for the Defendant, Sangamon County, Illinois, and against the Plaintiff, David Timm.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____